HARTZ, Circuit Judge,
concurring.
I concur in the result and join all of Judge Lucero’s opinion except part 111(A), which relates to the State’s appeals. Rather than grant relief because of the photographs admitted into evidence during the penalty phase, I would set aside the death penalties because no state decision-maker — jury or judge — has found that the *1257 victim consciously suffered while being murdered. Under Oklahoma law the death penalty should not be imposed in this ease unless the victim consciously suffered. The evidence on the matter was hardly uncontroverted; indeed, one of the government’s principal witnesses testified that the victim was rendered unconscious by the first blows. Yet, remarkably, the jury was not instructed that it had to find conscious suffering, nor did any court make the necessary finding.
First, Oklahoma law is clear that conscious suffering had to be proved. The Oklahoma Court of Criminal Appeals (OCCA) recognized as much in its decision resolving Mr. Spears’s appeal. The court wrote:
[T]he State bears the burden of proving beyond a reasonable doubt the aggravating circumstances it elects to charge. We must now determine whether there was any competent evidence to support the jury’s finding the murder was especially heinous, atrocious or cruel.
In order for a jury to find that a murder was especially heinous, atrocious or cruel, the State must introduce competent evidence indicating the victim’s death was preceded by torture or serious physical abuse, which may include the infliction of either great physical suffering or extreme mental cruelty. Serious physical abuse requires evidence of conscious physical suffering. As we stated in Perry [v. State, 893 P.2d [521,] 534 [Okla.Crim.App.1995]], it is critical the State prove the victim consciously suffered prior to death. Prosecutors have proved this aggravator [in other cases] by introducing evidence the victim suffered numerous defensive wounds indicating that the victim was conscious and attempted to fight off her attacker; statements from the defendant indicating the victim consciously suffered serious physical abuse or extreme mental cruelty prior to death; witness testimony that the victim was alive and conscious at the time the physical abuse was inflicted; or medical evidence that the victim was conscious during the infliction of serious physical injury.
Spears v. State, 900 P.2d 431, 448-49 (Okla.Crim.App.1995) (citations omitted; second emphasis added).
Second, there was a real factual dispute concerning whether the victim had consciously suffered. Claiborne Johnson, a participant in the murder who reached a plea agreement with the prosecution, testified that the victim, Dewayne Thompson, was knocked unconscious immediately after Mr. Powell struck the first blows:
Q: All right. Now, did you ever see, at the time when you first saw [Mr. Thompson] go down, did you ever see him assume any kind of a defensive posture? That is to say, put his arms up in this fashion (indicating) to defend himself?
A: No, I didn’t.
Q: Did you ever see him, at any time, whether it be standing up or laying on the ground, take any defensive posture at all?
A: No I didn’t. Because the time that he hit the ground, he was knocked out.
xvii. Okay. Now that is your supposition. You’re not a medical doctor. You don’t know whether he was out or not, do you?
A: No, I don’t know whether or not for sure he was out or not. It looked like it.
*1258 Q: All right.
A: The way from how I was looking at him, it looked like he was out.
Q: Okay. Let me ask you a question here, okay? You thought this guy was out; is that correct?
A: Yes, he wasn’t moving.
Trial Tr., Vol. 4, at 1165-66. Another eyewitness, Vickie Hensley, similarly testified that Mr. Thompson fell directly to the ground after suffering the first blows. Additionally, no evidence indicated that Mr. Thompson resisted the beating: He had no defensive wounds, and none of the witnesses testified that he tried to protect himself or that he called for assistance from bystanders. Moreover, the medical examiner testified that the cause of death was trauma to the brain that could have resulted from a single blow to the head. Indeed, the OCCA spoke of “the paucity of evidence supporting the aggravator especially heinous, atrocious or cruel.” Spears, 900 P.2d at 443.
To be sure, there was also contrary evidence; and I do not dispute the determination by the OCCA that there was “testimony sufficient to allow a rational jury to conclude Thompson was conscious during the beating which preceded his death.” Id. at 449. My concern, rather, is that no one actually made the finding that Thompson experienced conscious physical suffering.
The function of a criminal trial is not simply for the prosecution to put on enough evidence that a jury could find the defendant guilty. The jury has a role to play. The prosecution’s evidence counts for naught unless the jury is convinced by it. People do not go to jail because the prosecution presented enough evidence. They go to jail because their juries, after reviewing the evidence, find guilt beyond a reasonable doubt. Likewise, people are not executed simply because the prosecution put on enough evidence to justify the death penalty. They can be executed only if the appropriate decisionmaker finds the necessary factual predicates for the death penalty. The only significant difference in this regard between the determination of guilt and the decision to execute is that, at least prior to Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), there was no right to have a jury make the death-penalty finding, so the finding could be made by the trial judge or even an appellate court. See Clemons v. Mississippi, 494 U.S. 738, 747-50, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).
Here, we cannot say that the jury found conscious suffering. The term “conscious suffering” appears nowhere in the jury instructions. With respect to the “especially heinous, atrocious, or cruel” aggravator, the jury was instructed only that the “phrase especially heinous, atrocious, or cruel is directed to those crimes where death of the victim was preceded by torture or serious physical abuse.” If we knew that the jury had found that the victim had been subjected to torture, we could readily infer a finding of conscious suffering. But the jury was instructed it need only find either torture or serious physical abuse. And the jury might well have found serious physical abuse yet not found conscious suffering. The evidence at trial could readily support the conclusion that the victim suffered serious physical abuse (a severe beating and possibly some stab wounds) before death (as required by the instruction) but after having lost consciousness. Thus, in light of the instructions given here, a verdict that the *1259 crime was “especially heinous, atrocious, or cruel” does not necessarily imply a finding of conscious suffering.
The failure to instruct the jury on conscious suffering does not, however, end the matter. Under pre-Ring law it was not necessary for a jury to find the aggravating circumstance necessary for imposition of the death penalty. A judge, even an appellate court, could make the finding. See Clemons, 494 U.S. at 747-50, 110 S.Ct. 1441. But that was not done here. As previously noted, the OCCA in Spears’s case determined only that there was sufficient evidence for a jury to find conscious suffering. 900 P.2d at 449. It did not state what its own fact finding would be— whether the court itself was convinced that Thompson had consciously suffered. The OCCA made a similar determination in Powell’s appeal, see Powell v. State, 906 P.2d 765, 781-82 (Okla.Crim.App.1995), and similarly failed to make a fact finding of its own.
I recognize that in Lewis v. Jeffers, 497 U.S. 764, 783, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990), the Supreme Court affirmed an Arizona death penalty on the ground that “a rational factfinder could have found that respondent both relished the crime and inflicted gratuitous violence on the victim” — apparently the same standard of review applied by the OCCA in the Spears and Powell appeals. But there is a critical difference between Lewis and the cases now on appeal. In Lewis the Court was reviewing “the Arizona Supreme Court’s finding that respondent had relished the killing [and] .... that respondent had inflicted gratuitous violence.” Id. at 783-84, 110 S.Ct. 3092 (emphasis added). Thus, an appropriate decisionmaker in that case had already made the requisite fact findings, something not done here.
This circuit’s decision in Moore v. Gibson, 195 F.3d 1152 (10th Cir.1999), upon which the State relies, does nothing more than follow the proposition in Lewis that “ ‘federal habeas review of a state court’s application of a constitutionally narrowed aggravating circumstance is limited, at most, to determining whether the state court’s finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.’ ” 195 F.3d at 1176 (quoting Lewis, 497 U.S. at 780, 110 S.Ct. 3092) (emphasis added). It further quotes Lewis for the proposition that “ ‘[a] state court’s finding of an aggravating circumstance in a particular case ... is arbitrary or capricious if and only if no reasonable sentencer could have so concluded,’ ” id. at 1176 (quoting Lewis, 497 U.S. at 783, 110 S.Ct. 3092), and then continues, “[a]s discussed more fully below, that is not the case here,” id. In other words, Moore started from the assumption that the state court had found the factual predicates for the aggravating circumstance, thereby limiting the circuit court’s role to determining whether the factfinding was rational.
Likewise, Romano v. State, 909 P.2d 92 (Okla.Crim.App.1995), cannot support the State’s view, because in that case the court noted that the jury had been instructed on conscious suffering, id. at 121 n. 18.
The issue here is not a technicality. Nothing is more central to our system of justice than having a factfinder decide the facts. It is not for this court to decide whether Spears and Powell deserve the death penalty. But we must reverse their sentences when no one has made the findings required by Oklahoma law.